Case 2:15-cv-00320 Document 11 Filed in TXSD on 12/31/15 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 31, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE MONTENEGRO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-320 |
| | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS

Plaintiff, George Montenegro, filed this action complaining of a dog bite from a canine officer at a border patrol checkpoint against "the United States Department of Homeland Security, US Customs and Border Protection." D.E. 1. Before the Court is the "Motion to Dismiss Complaint Against the United States Department of Homeland Security" (D.E. 9). The United States claims that the case was improperly filed against a federal agency rather than against the United States. It further claims that Plaintiff should not be permitted to correct his mistake because it would be futile, given that the complaint was filed one day past the statute of limitations.

Plaintiff agrees with the United States that a bare calculation of the Federal Tort Claims Act (FTCA) statute of limitations, 28 U.S.C. § 2401(b), shows that it expired on July 26, 2015. However, Plaintiff has pointed out correctly that July 26, 2015 fell on a Sunday. Therefore, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the time period is extended to the next day, July 27, 2015—the date on which Plaintiff filed his complaint. *See generally*, *In re Gotham Provision Co., Inc.*, 669 F.2d 1000, 1014 (5th

Cir. 1982) (applying Rule 6(a) weekend computation rules to federal statutes of limitations, generally); *Frey v. Woodard*, 748 F.2d 173, 175 (3d Cir. 1984) (holding that Rule 6 should be applied to the FTCA limitations provision).

Thus it would not be futile for Plaintiff to amend his complaint to bring this action against the United States rather than against the relevant agency, as required. And Plaintiff has requested leave to do so. Leave to amend should be freely granted absent countervailing circumstances. Fed. R. Civ. P. 15(a)(2). This action is in its infancy and the parties will not be prejudiced by the amended complaint.

For the reasons set out above, the Court DENIES the motion to dismiss (D.E. 9) and GRANTS LEAVE to Plaintiff to file his amended complaint on or before January 22, 2016.

ORDERED this 31st day of December, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE